UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| LINDA KIRSHNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:23-cv-00397 |
| GREGORY E. SMITH, | ) ) |
| Defendant. | ) ) |

**Plaintiff's Amended Motion for Entry of Default Judgment**

Plaintiff, Linda Kirshner, moves for entry of a default judgment against defendant Gregory E. Smith pursuant to *Federal Rule of Civil Procedure* 55(b)(2) and *Local Rule* 55(c), and states the following in support thereof.

## Introduction

Plaintiff filed her *Complaint to Domesticate and Enforce Foreign Judgment* on September 14, 2023 (ECF No. 1) and served defendant on October 15, 2023, all as reflected in the affidavit of service filed in this case. (ECF No. 3.) To date, defendant has not appeared, answered, or otherwise responded to the complaint. As a result, a default was entered against him on January 22, 2024. (Ex. 1, Entry of Default; *see also*, ECF No. 9.)

Plaintiff filed her original *Motion for Entry of Default Judgment* on March 20, 2024. (ECF No. 12.) After a hearing on the motion on April 9, 2024, the Court directed Plaintiff to amend her motion to clarify the relief Plaintiff is seeking. (*See* ECF No. 20.)

## Argument

The entry of a default establishes defendant's liability "if [the] allegations [in the complaint] are sufficient to state a cause of action against the defendant[ ]." *Gesualdi v. Quadrozzi Equip. Leasing Corp.*, 629 F. App'x 111, 113 (2d Cir. 2015); *see also Revision Military Ltd. v.*

1

*Gideon Services, Inc.*, 2017 WL 5632700, at *3 (D. Vt. Oct. 31, 2017) (default establishes defendant's liability "as long as the complaint has stated a valid cause of action"). Plaintiff seeks an order (i) recognizing that the state-court judgment is entitled to the full faith and credit of this Court and (ii) permitting Plaintiff to enforce that judgment against Defendant under the laws of the state of Vermont. Such an order is appropriate where, as here, a plaintiff obtains a judgment from a state court and sues on that judgment in a federal court with jurisdiction. *See Ellenoff Grossman & Schole LPP v. Tempus Applied Sols. Holdings, Inc.*, No. 4:20-cv-68, 2020 WL 4926144, at *3 (E.D. Va. Aug. 21, 2020) ("[A] judgment of a state court may be sued on as a cause of action in a federal court having jurisdiction, but the relief available in such a lawsuit is limited to enforcement of the state court judgment as provided by the law of the issuing state." (citations omitted)); *Villoldo v. Republic of Cuba*, No. 21-cv-02497, 2023 WL 5671493, at *5 (D. Colo. Sept. 1, 2023) ("In the federal courts, a judgment of a state court may be sued on as a cause of action in a federal court having jurisdiction." (citation omitted))

Here, this Court has jurisdiction over both the subject matter of this suit and the Defendant. Subject matter jurisdiction lies exists because the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Illinois. (ECF No. 1[1], ¶ 1.) Defendant is a citizen of Vermont. (*Id.*, ¶ 2.) The state-court judgment Plaintiff seeks to enforce is in the principal amount of $156,000. (ECF No. 1-1.)

The Illinois court had personal jurisdiction over Defendant because he was served with process in Illinois. Ex. 2, Proof of Service; *see also* 735 ILCS 2-209(b)(1) ("A court may exercise jurisdiction in any action arising within… [Illinois] against any person who… is a natural person

---

[1] Defendant admitted all facts alleged in Plaintiff's complaint by failing to respond to the complaint. *See Revision Mil. Ltd. v. Gideon Servs., Inc.*, No. 2:17-CV-128, 2017 WL 5632700, at *1 (D. Vt. Oct. 31, 2017) ("It is well settled that a defendant who fails to answer or otherwise oppose a complaint is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability.").

present within [Illinois] when served…."). Further, Defendant appeared in the Illinois case through multiple counsel and never challenged personal jurisdiction, thereby consenting to jurisdiction. Ex. 3, State Court Appearances; *Andreasen v. Suburban Bank of Bartlett*, 173 Ill. App. 3d 333, 339 (1st Dist. 1988) ("Personal jurisdiction can be waived, and is waived, by a person's participation in the proceedings in issue.").

The Court should therefore enter a judgment in substantially the same form as the proposed order attached hereto as Exhibit 4, which (1) declares that the Court has jurisdiction over the parties and the subject matter, (2) recognizes that the Illinois judgment is entitled to full faith and credit in Vermont, and (3) authorizes Plaintiff to enforce the Illinois judgment pursuant to Vermont law. *See, e.g., Villoldo*, 2023 WL 5671493, at *5 ("[T]he Court finds it appropriate to enter a judgment recognizing that the state court had subject matter jurisdiction over Gustavo's claims, individually and as a representative of the Estate, granting full faith and credit to that portion of the state court judgment, and permitting enforcement of that portion of the state court judgment in the District of Colorado." (citations omitted)).

For the foregoing reasons, Plaintiff respectfully requests the Court enter a default judgment in favor of Plaintiff and against Defendant as set forth above.

Dated: May 9, 2024

Respectfully submitted,

**Linda Kirshner**

By: /s/ *P. Russell Perdew*
One of Her Attorneys

Donald E. Frechette
Locke Lord LLP
111 Huntington Avenue
9th Floor
Boston, MA  02199-7613
F: 617-239-0713
C: 860-305-5474
*donald.frechette@lockelord.com*

P. Russell Perdew (admitted *pro hac vice*)
Bella Seeberg (admitted *pro hac vice*)
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
*rperdew@lockelord.com*
*bella.seeberg@lockelord.com*

## Certificate of Service

I hereby certify that I caused the foregoing to be served upon all persons and entities authorized and registered to receive such service through the Court's electronic filing system on May 9, 2024.

/s/ *P. Russell Perdew*